# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAY ANCONA,<br><br>        Plaintiff,<br><br>v.<br><br>LOWE'S HOME CENTERS, LLC, et al.,<br><br>        Defendants. | Case No.: 20-cv-01462-MMA-JLB<br><br>**SCHEDULING ORDER REGULATING DISCOVERY AND OTHER PRETRIAL PROCEEDINGS** |

Pursuant to Rule 16.1(d) of the Local Rules, a Case Management Conference was held on September 10, 2020. (ECF No. 16.) After consulting with the attorneys of record for the parties and being advised of the status of the case, and good cause appearing, **IT IS HEREBY ORDERED**:

1.    The Court understands that parties to litigation often enter into stipulations that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in specified way.  Any motion for a protective order entering such stipulation(s) in this case shall be filed no later than **September 25, 2020**. The motion shall comply with Judge Burkhardt's Civil Chambers Rules.  If the need for a protective order is not initially apparent to the parties and only becomes apparent due to a later development in the case, the parties must seek leave to file a late motion for protective

order, supported by good cause which includes an explanation as to why the parties could not have anticipated the need for a protective order.

2. Any motion to join other parties, to amend the pleadings, or to file additional pleadings must be filed by **October 9, 2020**.

3. All fact discovery must be completed by all parties by **April 9, 2021**. "Completed" means that all discovery under Rules 30–36 of the Federal Rules of Civil Procedure, and discovery subpoenas under Rule 45, must be initiated a sufficient period of time in advance of the cut-off date, **so that it may be completed** by the cut-off date, taking into account the times for service, notice and response as set forth in the Federal Rules of Civil Procedure. **Counsel must promptly and in good faith meet and confer with regard to all discovery disputes in compliance with Local Rule 26.1(a).** The Court expects counsel to make every effort to resolve all disputes without court intervention through the meet and confer process.

Discovery motions must be filed in the time and manner directed by Magistrate Judge Burkhardt (*see* Judge Burkhardt's Civil Chambers Rules on Discovery Disputes available on the Court's website). All discovery motions must be filed within 30 days of the service of an objection, answer, or response which becomes the subject of dispute, or the passage of a discovery due date without response or production, and only after counsel (and any unrepresented parties) have met and conferred to resolve the dispute and complied with Judge Burkhardt's Civil Chambers Rules. **A failure to comply in this regard will result in a waiver of a party's discovery issue. Absent an order of the court, no stipulation continuing or altering this requirement will be recognized by the court.**

4. The parties must designate their respective experts in writing by **February 12, 2021**. The parties must identify any person who may be used at trial to present evidence pursuant to Rules 702, 703 or 705 of the Fed. R. Evid. This requirement is not limited to retained experts. The date for exchange of rebuttal experts must be by **March 12, 2021**. The written designations must include the name, address and telephone number of the expert and a reasonable summary of the testimony the expert is expected to

provide.  The list must also include the normal rates the expert charges for deposition and trial testimony.

    5.    By **February 12, 2021**, each party must comply with the disclosure provisions in Rule 26(a)(2)(B) and (C) of the Federal Rules of Civil Procedure.  This disclosure requirement applies to all persons retained or specially employed to provide expert testimony, or whose duties as an employee of the party regularly involve the giving of expert testimony.  **Except as provided in the paragraph below, any party that fails to make these disclosures will not, absent substantial justification, be permitted to use evidence or testimony not disclosed at any hearing or at the time of trial.  In addition, the Court may impose sanctions as permitted by Fed. R. Civ. P.  37(c).**

    6.    Any party must supplement its disclosure regarding contradictory or rebuttal evidence under Fed. R. Civ. P. 26(a)(2)(D) by **March 12, 2021**.

    7.    All expert discovery must be completed by all parties by **April 9, 2021**.  The parties must comply with the same procedures set forth in the paragraph governing fact discovery.

    8.    Failure to comply with the above paragraphs or any discovery order of the Court may result in the sanctions provided for in Fed. R. Civ. P. 37, including a prohibition on the introduction of experts or other designated matters in evidence.

    9.    All dispositive pretrial motions, including motions for summary judgment and motions addressing *Daubert* issues, must be filed by **May 7, 2021**.[1]  Counsel for the moving party must obtain a motion hearing date from Judge Anello's law clerk.  The period of time between the date you request a motion date and the hearing date may vary from one district judge to another.  Please plan accordingly.  Failure to make a timely request for a motion date may result in the motion not being heard.

///

---

[1]    This deadline is not applicable to pretrial motions *in limine*.  For further information regarding motions *in limine*, please refer to Judge Anello's Civil Chambers Rules.

10. If appropriate, following the filing of an order ruling on a motion for summary judgment or other dispositive pretrial motion, or in the event no such motion is filed, after the expiration of the deadline set forth in paragraph 9, *supra*, Judge Anello will issue a pretrial scheduling order setting a pretrial conference, trial date, and all related pretrial deadlines.  The parties must review and be familiar with Judge Anello's Civil Chambers Rules, which provide additional information regarding pretrial scheduling.

11. A Mandatory Settlement Conference will be conducted on **April 19, 2021**, at **1:45 PM** in Judge Burkhardt's chambers, Edward J. Schwartz U.S. Courthouse, 221 West Broadway, Suite 5140, San Diego, California 92101.  Counsel or any party representing himself or herself must submit confidential settlement briefs directly to Judge Burkhardt's chambers by **April 9, 2021**.

The **confidential** settlement statements should be lodged by e-mail to efile_Burkhardt@casd.uscourts.gov.  Each party's settlement statement shall concisely set forth the following: (1) the party's statement of the case; (2) the controlling legal issues; (3) issues of liability and damages; (4) the party's settlement position, including the last offer or demand made by that party; (5) a separate statement of the offer or demand the party is prepared to make at the settlement conference; and (6) a **list of all attorney and non-attorney conference attendees** for that side, including the name(s) and title(s)/position(s) of the party/party representative(s) who will attend and have settlement authority at the conference.  If exhibits are attached and the total submission amounts to more than 20 pages, a hard copy must also be delivered directly to Judge Burkhardt's chambers.  **Settlement conference statements shall not be filed with the Clerk of the Court.  Settlement conference statements may be exchanged confidentially with opposing counsel within the parties' discretion.**

///
///
///
///

Pursuant to Civil Local Rule 16.3, all party representatives and claims adjusters for insured defendants with full and unlimited authority[2] to negotiate and enter into a binding settlement, as well as the principal attorney(s) responsible for the litigation, must be present and legally and factually prepared to discuss and resolve the case at the mandatory settlement conference. In the case of an entity, an authorized representative of the entity who is <u>not</u> retained outside counsel must be present and must have discretionary authority to commit the entity to pay an amount up to the amount of the Plaintiff's prayer (excluding punitive damages prayers). The purpose of this requirement is to have representatives present who can settle the case during the course of the conference without consulting a superior.

12. A post-trial settlement conference before a magistrate judge may be held within 30 days of verdict in the case.

13. The dates and times set forth herein will not be modified except for good cause shown.

14. Briefs or memoranda in support of or in opposition to any pending motion must not exceed twenty-five (25) pages in length without leave of a district court judge. No reply memorandum will exceed ten (10) pages without leave of a district court judge. Briefs and memoranda exceeding ten (10) pages in length must have a table of contents and a table of authorities cited.

///

---

[2] "Full authority to settle" means that the individuals at the settlement conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. *Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648 (7th Cir. 1989). The person needs to have "unfettered discretion and authority" to change the settlement position of a party. *Pitman v. Brinker Int'l., Inc.*, 216 F.R.D. 481, 485–86 (D. Ariz. 2003). The purpose of requiring a person with unlimited settlement authority to attend the conference includes that the person's view of the case may be altered during the face to face conference. *Id.* at 486. A limited or a sum certain of authority is not adequate. *Nick v. Morgan's Foods, Inc.*, 270 F.3d 590, 595–97 (8th Cir. 2001).

15. Plaintiff's counsel must serve a copy of this order on all parties that enter this case hereafter.

Dated: September 11, 2020

*Jill Burkhardt*
Hon. Jill L. Burkhardt
United States Magistrate Judge