UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAY ANCONA,<br><br>         Plaintiff,<br><br>v.<br><br>LOWE'S HOME CENTERS, LLC, and MIKE SMITH,<br><br>         Defendants. | Case No. 20-cv-1462-MMA (JLB)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND**<br><br>[Doc. No. 7] |

On July 29, 2020, Defendant Lowe's Home Centers, LLC ("Lowe's") filed a notice of removal from the Superior Court of California, County of San Diego, to the United States District Court for the Southern District of California pursuant to 28 U.S.C. § 1441 and on the basis of diversity jurisdiction under 28 U.S.C. § 1332. *See* Doc. No. 1.[1] Defendant Mike Smith ("Smith") moves to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), Plaintiff Jay Ancona's ("Plaintiff") "Fourth Cause of Action for harassment against him, with prejudice." Doc. No. 6 at 2. Smith argues that dismissal is

---

[1] Citations to electronically filed documents refer to the pagination assigned by the CM/ECF system.

proper because Plaintiff fraudulently joined Smith in this action. *See id.* Plaintiff moves to remand the action back to state court pursuant to 28 U.S.C. § 1447 based on this Court's lack of diversity jurisdiction. *See* Doc. No. 7 at 2. Plaintiff and Smith oppose each other's motions, and each have filed replies. *See* Doc. Nos. 8, 9, 12, 13. The Court found the matters suitable for determination on the papers and without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7.1.d.1. *See* Doc. No. 15. For the reasons set forth below, the Court **GRANTS** Plaintiff's motion to remand.

## I. BACKGROUND

Plaintiff's action arises from an employment dispute, and Plaintiff alleges that Lowe's and Smith (collectively, "Defendants") harassed, discriminated, and retaliated against Plaintiff to the point where Plaintiff eventually resigned. *See generally* Doc. No. 1-4 ("Compl.") ¶¶ 15–32.

In June 2014, Plaintiff began working for Lowe's as a customer service sales associate. *See id.* ¶¶ 15, 17. According to the Complaint, "Plaintiff suffers from several disabilities . . . including a severe heart condition, that limit his ability to engage in strenuous or prolonged physical activities." *Id.* ¶ 15. In February 2019, Plaintiff's "permanent disability" accommodations were canceled without explanation; according to Plaintiff, such accommodations had been granted for "years." *Id.* ¶ 18. In March 2019, Smith began working as a store manager at the same Lowe's location as Plaintiff. *See id.* ¶ 18.

Despite Plaintiff's request for accommodation, Defendants began ordering Plaintiff "to unload, stock and shelve toilets, bathroom sinks[,] and other heavy items." *Id.* ¶ 18. At the end of March 2019, Plaintiff's doctor placed Plaintiff on work leave for approximately fourteen days as a result of Plaintiff experiencing "extreme fatigue, dizziness[,] and vertigo." *Id.* ¶ 18.

When Plaintiff returned to work on April 8, 2019, Plaintiff was reassigned to work as a cashier in the lawn and garden department. *Id.* ¶ 19. On April 18, 2019, Smith

presented Plaintiff with a workplace accommodation form that stated Plaintiff was being reassigned to work outside as a cashier in the lawn and garden department with reduced pay and hours. *Id.* ¶ 20. The form contained an option for Plaintiff to decline the reassignment. *Id.* ¶ 20. Plaintiff informed Smith of his inclination to decline the reassignment; Smith responded "[i]f you do, you won't have a job." *Id.* ¶ 20. With reservation, Plaintiff signed the form, accepting reassignment, and commented on the form that "his acceptance would be contingent upon a reevaluation to be restored to his original position and pay." *Id.* ¶ 20. Plaintiff reported the meeting with Smith to the assistant operations manager, who explained that the meeting was "'supposed to be a negotiation,' not an ultimatum." *Id.* ¶ 21.

Weeks and months following the meeting, Plaintiff was unsuccessful in attempting to meet with Smith regarding Plaintiff's workplace assignment and disability accommodation. *Id.* ¶ 22. Plaintiff also requested a copy of the workplace accommodation form Plaintiff had signed during the meeting with Smith. *Id.* ¶ 23. Smith declined this request, stating the form was Lowe's property. *Id.* Plaintiff eventually received a copy of the accommodation letter from a store administration staffer. *Id.* ¶ 24.

On approximately April 23, 2019, Defendants sent Plaintiff a termination letter; Plaintiff contacted the human resources department, which explained the letter was a "store level error." *Id.* ¶ 24. Plaintiff alleges that "Defendants were out to get rid of him, and that the termination letter was in fact just another retaliatory action taken at the store level in an effort to have [human resources] terminate Plaintiff or discourage him enough to resign." *Id.* ¶ 24. Plaintiff avers that he resigned in September 2019 after facing discrimination, harassment, and retaliation. *Id.* ¶ 25.

Plaintiff filed an unlimited civil action in San Diego Superior Court, alleging eleven causes of action. *See id.* ¶¶ 33–103.[2] Defendants then removed the action to this Court, asserting diversity jurisdiction. *See* Doc. No. 1. Plaintiff now moves to remand the case back to state court based on lack of diversity jurisdiction. *See* Doc. No. 7.

## II. Legal Standard

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "They possess only that power authorized by Constitution and statute." *Id.* at 377. "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989). The party seeking federal jurisdiction bears the burden to establish jurisdiction. *Kokkonen*, 511 U.S. at 377 (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 182–83 (1936)).

Pursuant to 28 U.S.C. § 1332(a)(1), a federal district court has jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and the dispute is between citizens of different states. 28 U.S.C. § 1332(a)(1). The Supreme Court has interpreted § 1332 to require "complete diversity of citizenship," meaning each plaintiff must be diverse from each defendant. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

Additionally, 28 U.S.C. § 1441(a) provides for removal of a civil action from state to federal court if the case could have originated in federal court. If a matter is removable solely on the basis of diversity jurisdiction pursuant to § 1332, the action may not be removed if any properly joined and served defendant is a citizen of the forum state. *See* 28 U.S.C. § 1441(b)(2). The removal statute is construed strictly against removal, and

---

[2] Plaintiff alleges all eleven claims against Defendant Lowe's. *See* Compl. ¶¶ 33–103. However, Plaintiff alleges only a single claim against Defendant Smith for harassment in violation of the Fair Employment and Housing Act ("FEHA"). *See id.* ¶¶ 56–63.

"[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

### III. DISCUSSION

Plaintiff argues that remand is necessary because Plaintiff and Defendant Smith are not completely diverse. *See* Doc. No. 7 at 7. Specifically, Plaintiff asserts that Plaintiff and Smith are both residents of California, which thus destroys complete diversity. *See* Doc. No. 7 at 7. Neither party appears to dispute that Plaintiff and Smith are both citizens of California for diversity jurisdiction purposes. *See* Doc. No. 1 at 3, 7; Doc. 1-2 ¶¶ 3, 6; Compl. ¶¶ 1, 4; Doc. No. 7 at 4, 7. However, in the notice of removal, Defendants state the citizenship of Smith should be disregarded for purposes of determining whether jurisdiction exists because Plaintiff's joinder of Smith was fraudulent. *See* Doc. No. 1 at 3–6. Thus, the primary issue before the Court is whether Plaintiff's joinder of Smith was fraudulent.

**A. Whether Smith Was Fraudulently Joined**

In Plaintiff's fourth cause of action, he asserts that Lowe's and Smith harassed Plaintiff in violation of FEHA. *See* Compl. ¶¶ at 56–63. Defendants argue that Plaintiff's joinder of Smith is fraudulent. *See* Doc. No. 8 at 13. According to Defendants, Plaintiff's harassment claim fails as a matter of law because Plaintiff's allegations against Smith concern his personnel management activities as a supervisor. *See id.*

"In determining whether there is complete diversity, district courts may disregard the citizenship of a non-diverse defendant who has been fraudulently joined." *GranCare, LLC v. Thrower*, 889 F.3d 543, 549 (9th Cir. 2018) (citing *Chesapeake & Ohio Ry. Co. v. Cockerell*, 232 U.S. 146, 152 (1914)). The fraudulent joinder analysis is a "jurisdictional inquiry," not an adjudication on the merits. *Id.* In *GranCare*, the court drew attention to the difference between the standard for a Rule 12(b)(6) motion and fraudulent joinder. *See id.* The court explained, "the test for fraudulent joinder and for failure to state a

claim under Rule 12(b)(6) are not equivalent. A claim against a defendant may fail under Rule 12(b)(6), but that defendant has not necessarily been fraudulently joined." *Id*.

A federal court must find joinder proper and remand the case to state court "if there is a *possibility* that a state court would find that the complaint states a cause of action against any of the resident defendants." *Id.* at 548 (emphasis added) (quoting *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009)). Furthermore, "[f]raudulent joinder must be proven by clear and convincing evidence." *Hamilton Materials, Inc. v. Dow Chemical Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007). "[T]he district court must consider . . . whether a deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend." *GranCare,* 889 F.3d at 550. This standard reflects that a defendant claiming fraudulent joinder "bears a 'heavy burden' since there is a 'general presumption against [finding] fraudulent joinder.'" *Id.* at 548 (quoting *Hunter*, 582 F.3d at 1044).

Courts have previously upheld rulings of fraudulent joinder "where a defendant presents extraordinarily strong evidence or arguments that a plaintiff could not possibly prevail on her claims against the allegedly fraudulently joined defendant." *Id.* at 548; *see also McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987) (upholding a ruling of fraudulent joinder where defendant's conduct was privileged under state law). Courts have also "declined to uphold fraudulent joinder rulings where a defendant raises a defense that requires a searching inquiry into the merits of the plaintiff's case, even if that defense, if successful, would prove fatal." *Id.* at 548–49.

Turning to Plaintiff's FEHA claim against Smith, the harassment of an employee because of a disability is prohibited. *See* Cal. Gov. Code § 12940(j)(1) ("[I]t is unlawful . . . for an employer . . . or any other person, because of . . . physical disability . . . to harass an employee."). "[H]arassment focuses on situations in which the social environment of the workplace becomes intolerable because the harassment (whether verbal, physical, or visual) communicates an offensive message to the harassed employee." *Roby v. McKesson Corp.*, 219 P.3d 749, 761 (Cal. 2009) (emphasis omitted).

In regard to the liability of supervisors for harassment, the California Supreme Court explained, "harassment consists of a type of conduct not necessary for performance of a supervisory job. Instead, harassment consists of conduct outside the scope of necessary job performance, conduct presumably engaged in for personal gratification, because of meanness . . . ." *Reno v. Baird*, 957 P.2d 1333, 1336 (Cal. 1998). Furthermore, "commonly necessary personnel management actions such as hiring and firing, job or project assignments . . . do not come within the meaning of harassment." *Id.* at 1336. However, the California Supreme Court explained that supervisors' personnel-related actions can be the evidentiary basis of a harassment cause of action when such actions have the "secondary effect of communicating a hostile message." *Roby*, 219 P.3d at 763. "This occurs when the actions establish a widespread pattern of bias." *Id.* (citing *Miller v. Department of Corrections*, 115 P.3d 77, 90 (Cal. 2005)).

The Court now turns to analyzing whether Plaintiff fraudulently joined Smith by alleging a FEHA harassment claim against him.

As an initial matter, it appears that Smith's alleged conduct concerns "commonly necessary personnel management actions." *Roby*, 219 P.3d at 757 (quoting *Reno*, 957 P.2d at 1336); *compare* Compl. ¶¶ 20, 23, 25 (alleging that Plaintiff was reassigned to work in a different department, Plaintiff's pay and hours were reduced, and Smith denied Plaintiff's request for his workplace accommodation form), *with Janken v. GM Hughes Electronics*, 53 Cal. Rptr. 2d 741, 746 (Ct. App. 1996) ("We conclude, therefore, that the Legislature intended that commonly necessary personnel management actions such as hiring and firing, job or project assignments, office or work station assignments, promotion or demotion, performance evaluations, the provision of support, the assignment or non-assignment of supervisory functions, deciding who will and who will not attend meetings, deciding who will be laid off, and the like, do not come within the meaning of harassment.").

However, this does not eliminate the possibility that a state court could possibly find that Plaintiff states a cause of action against Smith. Necessary personnel

management actions can be evidence for a harassment claim when those actions have the "secondary effect of communicating a hostile message." *Roby*, 219 P.3d at 763. Although Defendants argue that Plaintiff fails to allege that Smith's conduct had "a secondary effect of communicating a hostile message," Doc. No. 8 at 12 (quoting *Roby*, 219 P.3d at 763), the Court finds Defendants' argument unavailing. Indeed, Plaintiff's Complaint does not explicitly allege Smith's personnel management actions had the secondary effect of communicating a hostile message. However, the Ninth Circuit has previously stated that "[a] merely defective statement of the plaintiff's action does not warrant removal." *Albi v. Street & Smith Publications*, 140 F.2d 310, 312 (9th Cir. 1944) (footnote omitted); *see also GranCare*, 889 F.3d at 552 (explaining that arguments challenging the "sufficiency of the complaint, rather than to the possible viability" of the plaintiff's complaint, do not establish fraudulent joinder). Similarly, other district courts have concluded that showing a complaint is insufficiently pleaded does not clearly prove that there is no possibility the plaintiff will be able to establish a cause of action. *See Amarant v. Home Depot U.S.A., Inc.*, No., 1:13-cv-00245-LJO-SKO, 2013 WL 3146809, at *4 (E.D. Cal. June 18, 2013) ("[T]hat a claim against the in-state defendant is insufficiently pled does not prove clearly and convincingly that there is absolutely no possibility that the plaintiff will be able to establish a cause of action."). Defendants fail to prove, with clear and convincing evidence, that it would be impossible for Plaintiff to state a cause of action for harassment against Smith.

Therefore, even if Plaintiff has failed to sufficiently allege a claim of harassment against Smith under a Rule 12(b)(6) standard, Defendants have failed to meet their burden of showing that that there is no possibility Plaintiff could amend his Complaint to do so. The Ninth Circuit has made it clear that before finding fraudulent joinder, "the district court must consider . . . whether a deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend." *GranCare*, 889 F.3d at 550. Indeed, several district courts have granted a motion to remand in cases similar to Plaintiff's. *See Saavedra v. La-Z-Boy, Inc.*, No. EDCV 19-2415 PSG (SPx), 2020 WL 1030901, at *4

(C.D. Cal. Mar. 3, 2020) (granting the plaintiff's motion to remand where the defendants failed to show that there is no possibility that the plaintiff could amend the complaint to sufficiently allege a claim of hostile work environment); *Burris v. AT&T Wireless, Inc.*, No. C 06-02904 JSW, 2006 WL 2038040 at *2 (N.D. Cal. July 19, 2006) (granting the plaintiff's motion to remand even though the complaint was insufficiently pleaded because defendant failed to demonstrate that the plaintiff would not be afforded leave to amend).

Accordingly, the Court finds that Defendants have failed to meet their heavy burden of showing that there is no possibility that Plaintiff could cure his pleading deficiencies through amendment to state a claim against Smith. *See GranCare,* 889 F.3d at 548 (quoting *Hunter*, 582 F.3d at 1046); *Saavedra*, 2020 WL 1030901, at *4; *Woodrum v. Automatic Data Processing Inc.*, No. SA CV 17-2264-DOC (ASx), 2018 WL 2150945, at *6–7 (C.D. Cal. May 9, 2018).

**B. Whether Complete Diversity Exists**

The citizenships of the respective parties for purposes of diversity jurisdiction do not appear to be in dispute. *See* Doc. No. 1 at 3, 7; Doc. No. 1-2 ¶¶ 3, 6; Compl. ¶¶ 1, 4; Doc No. 7 at 4, 7. Plaintiff is an individual residing in San Diego County, California. *See* Doc. No. 1-1 at 1; Doc. No. 1-2 ¶ 3; Compl. ¶ 1. Lowe's is a citizen of North Carolina for purposes of diversity jurisdiction. *See* Doc. No. 1 at 7; Doc. No. 1-2 ¶ 7; Doc No. 7 at 4, 7. Smith is an individual residing in California. *See* Doc. No. 1 at 3; Doc. No. 1-2 ¶ 6; Compl. ¶ 4; Doc. No. 7 at 4, 7.

Given that Smith was not fraudulently joined, Smith's citizenship will not be disregarded for purposes of diversity jurisdiction. *See GranCare,* 889 F.3d at 549 (citing *Chesapeake & Ohio Ry. Co*, 232 U.S. at 152). Accordingly, the court finds that complete diversity does not exist between Plaintiff and Defendant Smith because both are citizens of California. Because the action could not have originated in federal court under diversity jurisdiction, removal was improper. *See* 28 U.S.C. § 1441(a)–(b).

**C. Whether Plaintiff Is Entitled to an Attorneys' Fees Award**

Plaintiff requests the Court to award Plaintiff with the attorneys' fees and costs associated with bringing the motion to remand. *See* Doc. No. 7 at 10; *see also* Doc. No. 13 at 8. Plaintiff argues that Lowe's removal was frivolous because Lowe's knew complete diversity did not exist and still removed this case. *See* Doc. No. 7 at 10. Lowe's responds that Defendants "had a solid basis for concluding that federal court jurisdiction existed." Doc. No. 8 at 15.

According to 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The standard for awarding fees is based on the "reasonableness of the removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). The Court explained, "courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Id.*

The Court finds that removal was not objectively unreasonable; rather, Lowe's merely failed to meet the exceptionally heavy burden to establish fraudulent joinder. Accordingly, the Court **DENIES** Plaintiff's request for attorneys' fees and costs. *See Saavedra*, 2020 WL 1030901, at *5.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's motion to remand and **REMANDS** this case back to the Superior Court of California, County of San Diego. The Court **DENIES** Plaintiff's request for attorneys' fees and costs. The Court **DIRECTS** the Clerk of Court to close the case and terminate any pending motions, deadlines, or hearings.

**IT IS SO ORDERED**.

Dated: September 23, 2020

HON. MICHAEL M. ANELLO
United States District Judge